NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMIN ROLAND, | |
| Petitioner, | Civil Action No. 14-4722 (ES) |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**SALAS, DISTRICT JUDGE**

Presently before the Court is the Motion to Vacate, Set Aside, or Correct a Sentence of Amin Roland ("Petitioner") brought pursuant to 28 U.S.C. § 2255. (D.E. No. 5, Amended Petition ("Am. Pet.")). In response to this Court's Order to Answer (D.E. No. 7), Respondent United States of America ("Respondent") filed its response in opposition (D.E. No. 8, Response) and Petitioner filed a Reply (D.E. No. 10-2). Sometime later, Petitioner retained counsel, through whom Petitioner filed a Supplemental Brief in support of the Petition (D.E. No. 16, Supplemental Br.). For the following reasons, the Court denies the Petition and declines to issue a certificate of appealability.

**I. BACKGROUND**

On June 27, 2012, a jury convicted Petitioner of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*United States v. Roland*, Crim. Action No. 11-630-ES-1, D.E. No. 51). The Third Circuit Court of Appeals summarized the facts of Petitioner's case as follows:

> On the evening of February 12, 2007, Rahim Rockafeller ("Rockafeller") was a victim of a shooting incident in Newark, New Jersey. Upon hearing the first shot, Officers Robert Moore and Ronald Bernard

> raced to the scene. The suspect absconded while Rockafeller was taken to a local hospital. Rockafeller identified Roland as his assailant. Using the photo that Rockafeller identified, Detective Sergeant Illidio Ferreira generated two separate photo arrays. Officers Moore and Bernard separately identified Roland as the shooter. As a result of the identifications, Roland was arrested.
>
> The State of New Jersey charged Roland in an eight count indictment with several counts of assault, eluding the police, gun charges and resisting arrest. On April 8, 2008, Roland pled guilty and was sentenced for the count of resisting arrest. Following the plea, the Federal Bureau of Investigation identified Roland as a member of a Newark gang—the South Side Cartel. As a result, the United States Attorney made an application for a *Petite* Waiver, an internal Department of Justice protocol requiring federal prosecutors considering a potential duplicative federal-state prosecution to obtain prior authorization. After receiving authorization, the federal government indicted Roland for being a felon-in-possession of a firearm.

*United States v. Roland*, 545 F. App'x 108, 110-11 (3d Cir. 2013) (internal footnote omitted).

On November 29, 2012, this Court sentenced Petitioner to a term of imprisonment of 120 months. (*United States v. Roland*, Crim. Action No. 11-630-ES-1, D.E. No. 60). Petitioner appealed to the Third Circuit, which affirmed Petitioner's conviction and sentence on November 26, 2013. On October 4, 2013, Petitioner filed a motion pursuant to § 2255. (D.E. No. 1). Pursuant to this Court's Order addressing Local Civil Rule 81.2,[1] Petitioner submitted an Amended Petition. (D.E. No. 5). The Amended Petition raises three grounds for relief:

> Ground One: The Sentencing Court Legally, and/or, Procedurally Erred.
>
> Ground Two: The performance of the defense tandem was constitutionally deficient.

---

[1] Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. §2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

Local Civ. R. 81.2(a).

2

> Ground Three: The District Court Erred, and/or, Abused its Discretion At The Point When It Denied The Motion to Dismiss Based Upon Pre-Indictment Delay.

(*Id.*). Respondent filed its Answer in opposition (D.E. No. 8) and Petitioner filed his Reply (D.E. No. 10-2), and later, a Supplemental Brief (D.E. No. 16).

On or about December 22, 2017, Petitioner filed a "Motion for Discovery and Production of Documents," seeking documents and materials from the Government, as well as from all local law enforcement agencies in New Jersey, that Petitioner believes will support his pre-indictment delay claim. (D.E. No. 27). Though Petitioner is represented by counsel in this action, he filed this motion *pro se*. On January 17, 2018, this Court struck Petitioner's motion and ordered that Petitioner could re-file the motion through counsel no later than forty-five days from the date of the order. (D.E. No. 30). Petitioner's forty-five-day period in which to re-file ended on March 5, 2018, and Petitioner did not re-file the motion.

## II.  DISCUSSION

### A. Legal Standard

A prisoner in federal custody under a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon the grounds that (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; or (3) "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A court, in considering a § 2255 motion, must accept the truth of a movant's factual allegations unless they are frivolous on the basis of the existing record. *See United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). A court must "give a liberal construction to pro se habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010). A court may deny the motion without holding an evidentiary hearing if "the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

**B. Analysis**

**1. Sentencing (Ground One)**

In his first ground for relief, Petitioner argues that the Court erred (1) in calculating the sentencing guidelines range because the Government did not meet its burden of proof regarding application of a cross-reference pursuant to U.S.S.G. §§ 2K2.1(c)(1)(A) and 2X1.1(a); and (2) by applying the cross-reference without first determining if "grouping" applied or was required.

At sentencing, this Court heard arguments regarding the application of a cross-reference based on Petitioner's relevant conduct, which constituted attempted murder. The Court, citing to the record testimony, concluded that the cross-reference should apply. (D.E. No. 1-7, Sentencing Tr. at 27-33). Petitioner then raised his burden of proof argument with respect to the cross-reference on direct appeal. There, the Third Circuit stated:

> Appellant contends a cross-referenced offense may be applied only if the government demonstrates its applicability by a preponderance of the evidence. Roland's argument rests on the theory that state prosecutors could not establish a prima facie case of attempted murder, and that—relying on *United States v. Davis*, 679 F.3d 177 (4th Cir. 2012)—the attempted murder charge could not be sustained against him under New Jersey law. (*See* Appellant Br. 65-67). We are not persuaded by Appellant's arguments.
>
> Roland's reliance on state proceedings is unconvincing, given that the Guidelines apply even if the offense was not charged and no conviction was obtained. *See United States v. Watts*, 519 U.S. 148, 156 (1997); *see also* U.S.S.G. § 1B1.3, comment., backg'd ("Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range."). Roland's reliance on *Davis* is also inapposite, given that the District Court here focused on Roland's conduct instead of relying on Roland's conviction in state court. *Cf. Davis*, 679 F.3d at 182 ("A sentencing court may apply [a Sentencing Guidelines] cross-reference . . . to conduct amounting to a

4

>     violation of state law." (internal quotation marks omitted)).  Therefore, we
>     find that the District Court did not err in calculating the Guidelines range.

*Roland*, 545 F. App'x at 116.

The Third Circuit has thus heard and rejected Petitioner's challenge to this Court's consideration of his conduct in applying the cross-referenced offense and in calculating the Guidelines range.  Petitioner has not presented any arguments that cast doubt on the Third Circuit's determination.  A § 2255 petition is not a forum to relitigate issues already decided on direct appeal.  *See United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014); *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993).  Therefore, because the Third Circuit has already rejected Petitioner's arguments that this Court erred in applying the cross-referenced charge when calculating his Sentencing Guidelines range, the Court does not consider that issue on collateral review and denies relief on the claim.[2]

Petitioner further claims that the Court erred by determining that Petitioner's actions qualified as "relevant conduct" for purposes of applying the cross-reference without also determining whether grouping was applicable or required.  For this argument, Petitioner relies on a Fourth Circuit case, *United States v. Horton*, 693 F.3d 254 (4th Cir. 2012).  However, *Horton* does not provide a basis for relief.

In *Horton*, the defendant was convicted for possessing a weapon in violation of 18 U.S.C. § 922(g).  The sentencing court concluded that a murder the defendant committed one week after that offense qualified as relevant conduct for application of a cross-reference under U.S.S.G. 1B1.3(a)(2).[3]  The Fourth Circuit held that in order to apply Subsection (a)(2) of § 1B1.3, both the

---

[2]     To the extent that Petitioner bases his argument on his contention that the Court relied on "its own recollection of evidence" when applying the cross-reference (D.E. No. 1 at 6), the contention is incorrect.  As noted above, the Court cited record testimony concerning Petitioner's conduct and did not rely on "recollection."

[3]     Section 1B1.3 of the Sentencing Guidelines identifies "relevant conduct" for purposes of applying a cross-reference offense as:

offense of conviction (*i.e.*, the possession charge) and the relevant conduct offense (i.e., the murder) must be groupable offenses. *Horton*, 693 F.3d at 479.  Because murder is not a groupable offense, the Fourth Circuit held that subsection (a)(2) did not permit the district court's use of the murder as relevant conduct for the application of a cross-reference.  *Id.* at 480.

This approach differs from that taken in the Third Circuit, in which subsection (a)(2) applies only where the offense of conviction is groupable rather than requiring that both the offense of conviction *and* the relevant offense be groupable.  *United States v. Kulick*, 629 F.3d 165, 170 n.4 (3d Cir. 2010) (citation omitted).  Here, the felon-in-possession charge for which Petitioner was convicted is a groupable offense, thus implicating subsection (a)(2). *See id.*  As this Court discussed at sentencing, Petitioner's conduct amounting to attempted murder—specifically, his deliberate and focused firing of the illegally-possessed weapon at the victim seven times—was relevant under subsection (a)(2) given that Petitioner committed these acts at the same time and as part of the same episode as his possession of the firearm that served as the basis of his conviction. (*See* Sentencing Tr., D.E. No. 1-7 at 27-33); *Kulick*, 629 F.3d at 171 (conduct is relevant where it was committed during the commission of the offense of conviction, grouping is appropriate, and the conduct was part of the same course of conduct or common scheme or plan) (citing U.S.S.G. § 1B1.3(a)(2)).  Thus, the Court properly applied the relevant conduct cross-reference.

---

[(a)(1)] all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;

[(a)(2)] solely with respect to offenses of a character for which § 3D1.2(d) [the "Grouping Guideline"] would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction; [and]

[(a)(3)] all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions. . . .

*Horton*, 693 F.3d at 476 (citing U.S.S.G. 1B1.3).

Moreover, even if Petitioner's argument held merit and grouping was not permitted, this would only preclude application of subsection (a)(2). The cross-reference would still apply, however, under subsection (a)(1) because the acts occurred during the commission of the offense of conviction. *See* U.S.S.G. § 1B1.3(a)(1). Thus, as the Third Circuit held, there was no error in the calculation of Petitioner's guideline range resulting from the application of the cross-reference. Accordingly, the Court denies relief on Ground One.

### 2. Ineffective Assistance of Counsel (Ground Two)

In his second ground, Petitioner argues that his defense counsel was constitutionally ineffective. Specifically, Petitioner argues that his counsel was ineffective by (1) consenting to a compromise regarding the limited contextual admission of parts of Detective Ferreira's testimony; (2) failing to preserve by objection a challenge to the Court's ruling precluding the use of a psychological report of Officer Bernard; (3) failing to object to the Government's presentation of "over blown" evidence at trial that was beyond the scope of the indictment and constituted an improper "variance"; and (4) failing to raise the sentencing arguments Petitioner presently sets forth in Ground One.[4] For the reasons below, these claims will be denied.

The Sixth Amendment[5] guarantees criminal defendants the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To succeed on a claim of ineffective assistance of counsel, Petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that counsel's performance, (viewed as of the time of counsel's conduct) was inadequate and "fell below an objective standard

---

[4] Petitioner raises two additional ineffective assistance arguments in his Supplemental Brief, which was submitted by counsel nearly three years after Petitioner originally filed his Petition. However, Petitioner did not seek leave to amend his Petition or to raise new claims in his supplemental brief. The Court therefore will not consider these claims.

[5] The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI

7

of reasonableness," in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687-88. Second, Petitioner must then show that the deficient performance prejudiced the defense. In other words, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Because "[a]n ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial," the Supreme Court has admonished lower courts that "the *Strickland* standard must be applied with scrupulous care." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence." *Id.* (internal quotation marks omitted). However, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (internal quotation marks omitted). As noted above, to pass the prejudice prong, Petitioner must show with reasonable probability that, but for his counsel's professional incompetence, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test." *Id.* at 693.

### a. Consent to the Court's compromise regarding Detective Ferreira's testimony

Petitioner first argues that counsel was constitutionally ineffective for agreeing to a compromise position proposed by the Court regarding the admission of portions of Detective Ferreira's testimony. Prior to trial, the Defense sought to exclude Rockafeller's identification of

Petitioner on the grounds of hearsay, violation of Petitioner's rights under the confrontation clause, and undue prejudice. The Government argued that the identification was necessary for context in order to explain why Detective Ferreira placed Petitioner's photograph in the photo arrays from which Officers Moore and Bernard identified Petitioner. (*United States v. Roland*, Crim. Action No. 11-630-ES-1, D.E. No. 35 at 93:15-94:3). The Court proposed a hypothetical in which Rockafeller's identification would be excluded, but the Government could offer testimony that Rockafeller reported to the police precinct and that "subsequent to their investigation and based on reliable information, they were able to put together a photo array" including Petitioner's photograph for identification purposes. (*Id.* at 94:4-95:21). Petitioner's counsel agreed that if Rockafeller's identification was excluded, the Court's proposed approach was "fair." (*Id.* at 100:18-20). Petitioner now challenges that decision, asserting that the background information regarding how Petitioner's photograph was selected was unnecessary because "jurors could simply have been informed that defendant's picture was selected because upon investigation, he fit the description of the suspect." (D.E. No. 16 at 12).

Putting aside the fact that Petitioner's proposed alternative presentation to the jury does not match the facts of what actually occurred, his argument that the testimony constituted improper or unnecessary background material is incorrect. At trial, Detective Ferreira testified as follows:

> Q. At some point did one of your detectives interview Mr. Rockefeller about the incident?
>
> A. Yes.
>
> Q. Now, I want to turn your attention to after that interview, after he is in the robbery squad back from the hospital, when you took that photo. Did you at some point after that, did you, through your investigation that night, receive information about a possible suspect that you believe to be reliable regarding the shooting at Springfield and Blum?
>
> A. Yes.

9

> Q. And did you take further investigative steps based on that information?
>
> A. Yes.
>
> Q. Specifically, did you obtain a photo of that suspect?
>
> A. Yes.
>
> Q. And who was that suspect?
>
> A. Amin Roland.

(*United States v. Roland*, Crim. Action No. 11-630-ES-1, D.E. No. 47 at 45:17-46:10). As the Third Circuit concluded on direct appeal, "Detective Ferreira's testimony was admitted only to provide context as to why he included Roland's picture in the photo array." *Roland*, 545 F. App'x at 112. The admission of the testimony for this purpose was in accordance with governing law. *See United States v. Cannon*, 220 F. App'x 104, 107-09 (3d Cir. 2007); *United States v. Sallins*, 993 F.2d 344 (3d Cir. 1993). In addition, the testimony was structured in a manner that successfully prevented the introduction of Rockafeller's identification of Petitioner. Because the testimony was admissible and it achieved its purpose in keeping Rockafeller's identification out of the trial, Counsel was not deficient for agreeing to the compromise. Moreover, Petitioner has not demonstrated the requisite prejudice resulting from Counsels' agreement. Accordingly, the Court denies relief on this claim.

### *b. Challenge to the preclusion of Detective Bernard's psychological report*

Petitioner next argues that his counsel was ineffective for failing to challenge or preserve a challenge to the Court's ruling precluding the use of a psychological report regarding Detective Bernard. As reflected in Petitioner's own citation to the record, this Court "considered the parties' arguments" with respect to the report prior to precluding its use on cross-examination of Detective Bernard. (D.E. No. 1 at 24; *United States v. Roland*, Crim. Action No. 11-630-ES-1, D.E. No. 46

at 203).  Counsel also raised the issue in post-trial motions, and the Court heard counsels' arguments at a hearing before ultimately denying them.  (*See* D.E. Nos. 1-6 & 1-7).  Finally, though Petitioner claims these arguments were not preserved, Petitioner did raise them on appeal to the Third Circuit, which rejected them.  *Roland*, 545 F. App'x at 111-12.  Petitioner therefore has failed to establish that his counsel was constitutionally deficient or that the alleged deficiency resulted in prejudice.  Accordingly, the Court denies relief on this claim.

### *c. Failure to object to the Government's "variance" from the indictment*

Petitioner argues that his trial counsel was ineffective for failing to object to the Government's "variance" from the indictment.  He asserts that the Government presented "over blown" additional evidence that went beyond that which was needed to prove the possession charge beyond a reasonable doubt.  (D.E. No. 1 at 27).  According to Petitioner, the Government's presentation of evidence of the shooting incident gave the impression that Petitioner was on trial for the shooting and attempted murder of Rockafeller.  (*Id.*).  Petitioner argues that his counsel should have objected to the presentation of this evidence and to preserve the objection for appeal.

Petitioner does not specify what evidence was "over blown" and thus should have been challenged or excluded.  The Court notes, however, that defense counsel made substantial arguments regarding a host of evidentiary issues and what should and should not be presented to the jury because this was a weapons-possession case and not an aggravated-assault case. (*See United States v. Roland*, Crim. Action No. 11-630-ES-1, D.E. Nos. 35 & 37; D.E. No. 37 at 57-59).  Petitioner's argument that counsel did not object or preserve evidentiary issues for this reason is not factually accurate.

In sum, Petitioner has failed to demonstrate that counsel was deficient and has not shown a reasonable probability that the outcome of his trial would have been different had counsel made Petitioner's unspecified objections. Accordingly, the Court will deny this claim.

### *d. Failure to raise cross-reference sentencing arguments*

Petitioner asserts that counsel was ineffective for failing to raise the cross-reference arguments he now raises in the present Petition. At sentencing, Petitioner's counsel did contest the Court's application of a cross-reference, including counsel's arguments that the Government had not satisfied the preponderance of the evidence standard. (*See* Sentencing Tr., D.E. No. 1-7 at 14-27). This Court read into the record some of the evidence presented at trial that established by a preponderance of the evidence that the cross-reference applied. (*Id.* at 27-32). Petitioner challenged this Court's determination on direct appeal and the Third Circuit rejected Petitioner's argument. Petitioner therefore has failed to show that his counsel was deficient or that Petitioner suffered prejudice as a result of the alleged deficiencies.

To the extent that Petitioner argues that trial counsel should have raised his grouping argument based on *Horton*, this claim also fails. Petitioner has not shown a reasonable probability that the outcome of his sentencing proceedings would have been different had counsel raised this argument. As discussed above, *Horton* does not provide a basis for relief. Thus, had counsel raised this argument at sentencing, it would have been unavailing for the reasons discussed above. Petitioner therefore has not satisfied *Strickland*'s prejudice prong and is not entitled to relief. Accordingly, the Court denies this claim and will deny relief on Ground Two.

### 3. Pre-Indictment Delay (Ground Three)

In his third ground for relief, Petitioner argues that the Court erred or abused its discretion in denying his motion to dismiss based on pre-indictment delay. Petitioner also raised this ground

in his direct appeal to the Third Circuit, which rejected the claim. Specifically, the Third Circuit stated:

> Although the statute of limitations provides the defendants with primary guarantee against the bringing of overly stale criminal charges, the Due Process Clause also affords protection against "[o]ppressive pre-indictment delay within the applicable limitations period. . . ." *Ismaili*, 828 F.2d at 167. The sanction for violation of this right is dismissal, and this requires that the defendant prove two essential facts: "(1) that the government intentionally delayed bringing the indictment in order to gain some advantage over him and that (2) this intentional delay caused the defendant actual prejudice." *Id.*
>
> Appellant raises a number of arguments, none of which persuades us that the government intentionally delayed bringing the indictment. Roland's position is that the government waited four and a half years to indict him, which correlates to the time when he was "about to be released from state prison. . . ." (Appellant Br. 63). Roland claims that this delay "gave the government a massive tactical advantage." (*Id.* at 63-64). For instance, Roland contends that he would have "rejected the agreement if federal charges for illegal weapon possession were pending against him at the time of his plea, or if he knew that his plea would be used against him in a subsequent federal prosecution for the same alleged conduct." (*Id.* at 63). We do not find such circumstantial evidence and counterfactual hypotheticals sufficient to show intent. This is particularly true since the Appellant bears the burden of demonstrating intentional delay. *See Ismaili*, 828 F.2d at 168.
>
> In addition to Roland's failure to prove intentional delay, he has also failed to demonstrate prejudice. Roland contends that he lost the opportunity to cross-examine Rockafeller, but the government did not introduce Rockafeller's photo array identification at trial, and speculations about Rockafeller's testimony—which could have been favorable or unfavorable—is not sufficient to constitute actual prejudice. As this Court has held, "[t]he mere possibility of prejudice inherent in any extended delay, or the mere possibility that a witness might become inaccessible and evidence be lost, is not sufficient." *Ismaili*, 828 F.2d at 168. Accordingly, we find that the District Court did not err by denying Appellant's motion to dismiss for pre-indictment delay.

*Roland*, 545 F. App'x at 115-16.

As discussed above with respect to Ground One, Petitioner may not use a § 2255 petition as a vehicle for relitigation of issues already decided on direct appeal. *DeRewal*, 10 F.3d at 105

13

n.4. The Third Circuit concluded that Petitioner failed to establish both intentional delay and prejudice. Petitioner's arguments do not call into question that determination. The Court therefore denies collateral relief on Ground Three.

## III. CERTIFICATE OF APPEALABILITY

The Court will deny a certificate of appealability because Petitioner has not demonstrated "a substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## IV. CONCLUSION

For the foregoing reasons, the Court will deny the Petition and decline to issue a certificate of appealability. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*  
**Esther Salas, U.S.D.J.**